Peck, J.
delivered the opinion of the court.
We do not deem it important to notice any of the several points made in the record, except that which questions the right of the plaintiff to sue upon the sheriff’s bond, in the name of the governor for the use of plaintiff, without an assignment of the bond. When a citizen has been aggrieved by acts of omission or commission in a sheriff, acting as such, he is subject to an action, and the injured person in most cases has his election whether he will sue him alone, or have his action against both the sheriff and his securities. If he adopts the latter mode, the bond must be assigned. The language of the act cannot be misunderstood: “which bond every county court is hereby required to take, and upon a breach of the condition, the same shall be assigned by the governor to the party or parties injured, who may maintain an action thereon in their own name.”
Expressio unius est exclusio alterius, is a maxim directly applicable to this cause; it is not reason, nor would it be policy, to let every one use the name of the governor in such suits as they might choose to bring for supposed wrongs done them by the sheriffs. That there may be an implied agreement or understanding between him who sells a bond and the purchaser of it, that the latter may use the name of the former for his use in the recovery, is admitted. But that is wholly different from using the office and name of the executive; because in another form, and with another ceremony, he might have the right conferred upon him to use the bond. The remedy is suitable. To be vested with the privilege of suing *481 on the bond, the party"must come clothed with the authority required by the act. He must bring into court the assignment of the bond. It is no good argument to say it savors too much of form, and the substance alone will he looked to; this is begging the question. The assignment is substance; without it there is no authority for the suit.
Judgment affirmed.